### UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA DISTRICT COURT
### WASHINGTON, DC

### CASE NO.: 1:24-cv-01836

**BRUCE CAMERON DAVIDSON**,
399 Tennessee Avenue
Alexandria, VA 22305

                 Plaintiff,

v.

**HOWARD UNIVERSITY**,
2400 6th Street Northwest
Washington, DC 20059

                 Defendant.

### COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff, BRUCE CAMERON DAVIDSON, by and through his undersigned counsel, brings this Complaint against Defendant, HOWARD UNIVERSITY, for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.     Plaintiff BRUCE CAMERON DAVIDSON ("Davidson") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Davidson's original copyrighted Work of authorship.

2.     Davidson is a photographer who has found a way to shoot landscapes from different perspectives and create graphic images that challenge the viewer's expectations. He has traveled all over the world, spent countless hours flying around in helicopters, and embraced extreme temperatures all to capture the most spectacular aerial photographs. Davidson has been

published in over thirty publications, has photographed campaigns for numerous brands, and won awards in Lürzers Archive, Communication Arts, Graphis and American Photographer.

3.     Defendant HOWARD UNIVERSITY ("HU") is a private university in Washington, D.C. At all times relevant herein, HU owned and operated the internet website located at the URL https://thehilltoponline.com/ (the "Website").

4.     Davidson alleges that Defendant copied his copyrighted Work from the internet to advertise, market and promote its business activities. HU committed the violations alleged in connection with its business.

## JURISDICTION AND VENUE

5.     This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.     Defendant is subject to personal jurisdiction in the District of Columbia.

8.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, HU engaged in infringement in this district, HU resides in this district, and HU is subject to personal jurisdiction in this district.

## DEFENDANT

9.     Howard University is an Act of Congress Corporation, with its principal place of business at 2400 6th Street Northwest, Washington, DC, 20059, and can be served by serving its Registered Agent, John G. Gloster, at 2400 6th Street NW Ste 321, Washington, DC, 20059.

10.     Howard University owns and operates the school newspaper "The Hilltop" ("Hilltop"). Hilltop is run by students of HU and is celebrating its 100th anniversary this year.

## <u>THE COPYRIGHTED WORK AT ISSUE</u>

11.     In 2014, Davidson created the photograph entitled

"CD_2003_1020_0198_xgaplus," which is shown below and referred to herein as the "Work".



12.     Davidson registered the Work with the Register of Copyrights on July 29, 2014,

and was assigned registration number VAu 1-254-965. The Certificate of Registration is attached

hereto as **Exhibit 1**.

13.     Davidson's Work is protected by copyright but was not otherwise confidential,

proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and

other details are entirely original, distinctive, and unique. As such, the Work qualifies as subject

matter protectable under the Copyright Act.

14.     At all relevant times Davidson was the owner of the copyrighted Work.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK

**INFRINGEMENT BY HU**

15.     HU has never been licensed to use the Work at issue in this action for any

purpose.

16.     On a date after the Work at issue in this action was created, but prior to the filing

of this action, HU copied the Work.

17.     On or about January 30, 2023, Davidson discovered the unauthorized use of his

Work on the Website. HU used the Work on the Website in an article about 'Stink Bombs.'

18.     HU copied Davidson's copyrighted Work without Davidson's permission.

19.     After HU copied the Work, it made further copies and distributed the Work on the

internet to promote the sale of goods and services as part of its regular business activities.

20.     HU copied and distributed Davidson's copyrighted Work in connection with

Defendant's business for purposes of advertising and promoting Defendant's business, and in the

course and scope of advertising and selling products and services.

21.     HU committed copyright infringement of the Work as evidenced by the

documents attached hereto as **Exhibit 2**.

22.     Davidson never gave Defendant permission or authority to copy, distribute or

display the Work at issue in this case.

23.     Davidson notified HU of the allegations set forth herein on March 31, 2023. To

date, the parties have failed to resolve this matter.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

24.     Davidson incorporates the allegations of paragraphs 1 through 23 of this

Complaint as if fully set forth herein.

25.     Davidson owns a valid copyright in the Work at issue in this case.

26.     Davidson registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

27.     HU copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Davidson's authorization in violation of 17 U.S.C. § 501.

28.     HU performed the acts alleged in the course and scope of its business activities.

29.     Defendant's acts were willful.

30.     Davidson has been damaged.

31.     The harm caused to Davidson has been irreparable.

**COUNT II**
**VICARIOUS COPYRIGHT INFRINGEMENT BY HU**

32.     Davidson incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.      Davidson owns a valid copyright in the Work at issue in this case.

34.     Davidson registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

35.     HU copied, displayed and distributed the Work at issue in this case and made derivative of the Work without Davidson's authorization in violation of 17 U.S.C. § 501.

36.     HU had the right and ability to supervise the infringing activities of HU alleged herein.

37.     HU had a direct financial interest in the infringing activities alleged herein.

38.     As a result of HU's vicarious infringement as alleged above, HU obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Work

39.     Davidson has been damaged.

40.     The harm caused to Davidson has been irreparable.

**WHEREFORE**, the Plaintiff BRUCE CAMERON DAVIDSON prays for judgment against the Defendant HOWARD UNIVERSITY that:

a.      HU and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.      HU be required to pay Davidson his actual damages and Defendant's profits attributable to the infringement, or, at Davidson's election, statutory damages, as provided in 17 U.S.C. § 504;

c.      Davidson be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.      Davidson be awarded pre- and post-judgment interest; and

e.      Davidson be awarded such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Davidson hereby demands a trial by jury of all issues so triable.

DATED: June 25, 2024                    Respectfully submitted,


*/s/ Faith Beckworth*
FAITH BECKWORTH
faith.beckworth@sriplaw.com

**SRIPLAW, P.A.**
3355 Lenox Road NE
Suite 750
Atlanta, GA 30326
470.200.0168 - Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Bruce Cameron Davidson*